UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 410
Melville, New York 11747
(631) 247-0404

    ATTORNEYS OF RECORD:
      PAUL J. SIEGEL, ESQ.
      NOEL P. TRIPP, ESQ.

------------------------------------------------------------X

RAUL MORENO, Individually, and on behalf of all others Similarly Situated,

                Plaintiffs,

        -against-

NASSAU COUNTRY CLUB and JIM COFFEY,

                Defendants.

------------------------------------------------------------X

*VIA ECF*

Civ. No.: CV 11-0436

TO:  STEVEN J. MOSER, ESQ.
      STEVEN J. MOSER, P.C.
      *ATTORNEY FOR PLAINTIFFS*
      One School Street, Ste. 303
      Glen Cove, New York 11542
      (516) 671-1150

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, NASSAU COUNTRY CLUB ("Defendant Club") and JIM COFFEY ("Defendant Coffey"), by and through their undersigned counsel, hereby respond to the allegations in Plaintiff's Complaint as follows:

## AS TO "INTRODUCTION"

1. Defendants admit that Plaintiff purports to proceed as set forth in paragraph 1 of Plaintiff's Complaint, but deny that Plaintiff is entitled to any relief whatsoever in behalf of himself and deny further that any other individual is entitled to such relief or to status as a plaintiff herein.

## AS TO "THE PARTIES AND THEIR RELATIONSHIP"

2. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant Club admits the allegations contained in paragraph 3 of Plaintiff's Complaint. Defendant Coffey denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Paragraph 4 calls for a legal conclusion, to which no response is required. To the extent paragraph 4 contains factual material requiring a response, Defendant Club admits the allegations contained in paragraph 4 of Plaintiff's Complaint. Defendant Coffey denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Paragraph 6 calls for a legal conclusion, to which no response is required. To the extent paragraph 6 contains factual material requiring a response, Defendant Club denies the allegations contained in paragraph 6 of Plaintiff's Complaint. Defendant Coffey denies

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

7. Paragraph 7 calls for a legal conclusion, to which no response is required. To the extent paragraph 7 contains factual material requiring a response, Defendants deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendant Club denies the allegation contained in paragraph 8 of Plaintiff's Complaint. Defendant Coffey denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Plaintiff's Complaint only to the extent that Defendant Coffey holds said title at Defendant Club at this time and, since Plaintiff has not specified a precise time period, Defendants otherwise deny said allegations.

11. Defendants deny the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations contained in paragraph 15 of Plaintiff's Complaint.

## AS TO "JURISDICTION AND VENUE"

16. Defendants admit that this Court has jurisdiction, generally, over timely claims brought pursuant to 29 U.S.C. §216 if claim filing and participation requirements are satisfied, but deny that the Court can or should exercise such jurisdiction in this case. To the extent the Court exercises jurisdiction, Defendants admit that venue is proper in this Court.

## AS TO "FACTS"

17. Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant Club admits, for this lawsuit only, the allegations contained in paragraph 18 of Plaintiff's Complaint. Defendant Coffey denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. As to Plaintiff Moreno, Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint. As to any other putative claimant, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. As to Plaintiff Moreno, Defendants admit that, at times, Plaintiff Moreno worked over 40 hours per week. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of Plaintiff's Complaint as to any putative claimant other than Plaintiff Moreno.

21. Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Since Plaintiff has not defined the term "numerous," Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of Plaintiff's Complaint, but admit that, at times, Plaintiff Moreno's work day exceeded 10 hours.

23. Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint as to Plaintiff Moreno. As for any other putative claimant, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of Plaintiff's Complaint.

## AS TO "COLLECTIVE ACTION ALLEGATIONS"

25. Defendants admit that Plaintiff purports to proceed as set forth in paragraph 25 of Plaintiff's Complaint, but deny that Plaintiff is entitled to any relief whatsoever in behalf of himself and deny that any other individual is entitled to relief herein or to be a participant in this lawsuit.

26. Defendants admit that Plaintiff purports to proceed as set forth in paragraph 26 of Plaintiff's Complaint, but deny that Plaintiff is entitled to any relief whatsoever in behalf of himself and deny that any other individual is entitled to relief herein or to be participant in this lawsuit.

27. Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint, including subparagraphs a. through d. thereof.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of Plaintiff's Complaint.

### AS TO "*STATEMENT OF CLAIM*

### *COUNT I:*

### *VIOLATIONS OF THE FAIR LABOR STANDARDS ACT*"

30. Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint and aver that the cited statutory provision speaks for itself.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of Plaintiff's Complaint as to any putative claimant, except admit, at certain times, Plaintiff Moreno was employed by Defendant Club, and deny Plaintiff Moreno was employed by Defendant Coffey.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of Plaintiff's Complaint as to any putative claimant, except deny Defendant Coffey was Plaintiff's 'employer' under §207(a)(2).

33. Defendants deny the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of Plaintiff's Complaint as to any putative claimant, but deny the allegations contained in paragraph 34 as to Plaintiff Moreno.

35. Defendants deny the allegations contained in paragraph 35 of Plaintiff's Complaint, including subparagraphs a. through b.

36. Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint and aver that the cited statutory provision speaks for itself.

41. Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint and aver that the cited statutory provision speaks for itself.

## AS TO "*COUNT II:*

## *OVERTIME VIOLATIONS OF THE NEW YORK LABOR LAW*"

42. Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 41 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

43. Defendants deny the allegations contained in paragraph 43 of the Plaintiff's Complaint.

44. Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

## AS TO "*COUNT III*

## *VIOLATIONS OF SPREAD OF HOURS PREMIUM UNDER NEW YORK LAW*"

48. Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 47 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

49. Defendants deny the allegations contained in paragraph 49 of Plaintiff's Complaint and aver that the cited statutory provision speaks for itself.

50. Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint and aver that the cited statutory provision speaks for itself.

51. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of Plaintiff's Complaint.

52. Defendants deny the allegations contained in paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations contained in paragraph 53 of Plaintiff's Complaint.

54. Defendants deny the allegations contained in paragraph 54 of Plaintiff's Complaint.

55. Defendants deny the allegations contained in paragraph 55 of Plaintiff's Complaint.

### AS TO "PRAYER FOR RELIEF"

Defendants deny the allegations and claims contained in Plaintiff's "PRAYER FOR RELIEF."

### AS TO "JURY DEMAND"

Defendants admit that Plaintiff Moreno demands a jury trial, but deny that Moreno or any other putative "Plaintiffs" have stated any claim for relief upon which a jury should be held and otherwise deny all allegations.

### ADDITIONAL AVERMENTS

Defendants deny all claims and allegations not unequivocally admitted herein.

\* \* \*

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants, Defendants assert the following defenses:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

### AS AND FOR A FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted as a matter of fact and law.

### AS AND FOR A SECOND DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the applicable statutes of limitation or the doctrine of laches.

## AS AND FOR A THIRD DEFENSE

At all times relevant hereto, Defendants acted in good faith and have not violated any rights secured under any federal, state or local laws, rules, regulations or guidelines.

## AS AND FOR A FOURTH DEFENSE

Due to the unique nature of his having worked in two discrete jobs at differing rates of pay for Defendant Club, Plaintiff Moreno cannot satisfy the requirements of FRCP 23, including, but not limited to, the requirements of commonality, typicality and numerosity, or the requirements for collective action treatment.

## AS AND FOR A FIFTH DEFENSE

Plaintiffs were exempt from the overtime and wage-hour provisions of the FLSA, or any equivalent New York State provision, pursuant to 29 U.S.C. § 207(i).

## AS AND FOR A SIXTH DEFENSE

Any act or omission on the part of Defendants were in good faith, and Defendants had reasonable grounds for believing that any such act or omission was not in violation of the FLSA or New York Labor Law.

## AS AND FOR A SEVENTH DEFENSE

Plaintiff's Complaint fails to state a claim under federal or New York law upon which either pre-judgment or post-judgment interest, liquidated damages, or attorneys' fees may be awarded.

## AS AND FOR AN EIGHTH DEFENSE

Without admitting that Plaintiff Moreno or any other Plaintiff was subject to the overtime and wage-hour provisions of the FLSA, or any equivalent New York State law, Plaintiffs were paid properly under all applicable wage and hour laws.

## AS AND FOR A NINTH DEFENSE

Plaintiff Moreno is not an adequate representative of the putative class or collective action.

## AS AND FOR A TENTH DEFENSE

The Complaint is barred, in whole or in part, and neither a class or collective action can be certified because Plaintiff Moreno cannot establish that he was situated similarly to potential members of the collective action for the purposes of 29 U.S.C. § 216(b) or a suitable class representative.

## AS AND FOR AN ELEVENTH DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff Moreno cannot satisfy the statutory prerequisites to proceed collectively under 29 U.S.C. § 216(b).

## AS AND FOR A TWELFTH DEFENSE

Plaintiff Moreno, and the putative class fail to meet the criteria necessary to maintain a class action under the Federal Rule of Civil Procedure, Rule 23.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiff Moreno and the persons who he purports to represent in this action, cannot establish a willful violation under the FLSA or the New York Labor Law.

## AS AND FOR A FOURTEENTH DEFENSE

Plaintiff Moreno and the persons in whose behalf he purports to bring this action, cannot recover liquidated damages because Defendants acted in good faith and had reasonable grounds for believing that their acts or omissions were not in violation of the FLSA or the New York Labor Law.

### AS AND FOR AN FIFTEENTH DEFENSE

Defendant Coffey is not and was not an "employer" of Plaintiff Moreno or any other incumbent or former employee of Defendant Club within the meaning of the FLSA or the New York Labor Law during the periods alleged in the Complaint and, as such, all claims against him should be dismissed.

### AS AND FOR A SIXTEENTH DEFENSE

Defendant Coffey has no personal liability under the legal theories or factual allegations asserted by Plaintiffs and, thus all claims against him should be dismissed.

### AS AND FOR A SEVENTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, offsets or credits, including those provided for in Sections 7 and 13 of the FLSA, 29 U.S.C. § 207. This defense also may apply to the claims of some or all of the other allegedly similarly-situated persons.

### AS AND FOR AN EIGHTEENTH DEFENSE

To the extent that discovery reveals that Plaintiff falsely reported his hours of work and there is no evidence that Defendants authorized, suffered or permitted the false reporting of hours, Defendants invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiff.

### AS AND FOR A NINETEENTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff failed, refused or neglected to mitigate or avoid the damages complained of in the Complaint.

### AS AND FOR A TWENTIETH DEFENSE

Even if Defendants have, in fact, failed to pay Plaintiff for any of the activities alleged in Plaintiff's Complaint, such activities do not constitute compensable work under the FLSA and furthermore, such activities were not an integral and indispensible part of Plaintiff's principal activities of employment and are not compensable.

### AS AND FOR A TWENTY-FIRST DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex.*

### AS AND FOR A TWENTY-SECOND DEFENSE

Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

### AS AND FOR A TWENTY-THIRD DEFENSE

Plaintiff lacks standing to file or to prosecute this action against Defendants or to recover attorneys' fees or other relief.

### AS AND FOR A TWENTY-THIRD DEFENSE

Pendent or other jurisdiction should not be exercised over Plaintiff's New York Labor Law claim.

\*            \*            \*

Defendants reserve the right to amend or add additional affirmative defenses or counter-claims, which may become known during the course of this action.

**WHEREFORE**, Defendants request that the Court:

(a)    dismiss with prejudice Plaintiff's Complaint;

(b)   deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

(c)   award to Defendants reimbursement for its costs, including attorneys' fees; and,

(d)   grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
       March 30, 2011

Respectfully submitted,

JACKSON LEWIS LLP
ATTORNEYS FOR DEFENDANTS
58 South Service Road, Suite 410
Melville, New York  11747
(631) 247-0404

By: _____
PAUL J. SIEGEL, ESQ.
NOEL P. TRIPP, ESQ.

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2011, the enclosed Defendants' Answer to Plaintiff's Complaint was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules, and the Eastern District's Rules on Electronic Service, as well as by Federal Express, upon the following parties and participants:

STEVEN J. MOSER, ESQ.
STEVEN J. MOSER, P.C.
ATTORNEY FOR PLAINTIFFS
One School Street, Ste. 303
Glen Cove, New York 11542

_____
PAUL J. SIEGEL, ESQ.

4844-1963-6745, v. 1