# jackson|lewis

Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
58 South Service Road
Suite 410
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

| | | |
|---|---|---|
| ALBANY, NY | DETROIT, MI | MILWAUKEE, WI | PORTLAND, OR |
| ALBUQUERQUE, NM | GREENVILLE, SC | MINNEAPOLIS, MN | PORTSMOUTH, NH |
| ATLANTA, GA | HARTFORD, CT | MORRISTOWN, NJ | PROVIDENCE, RI |
| BALTIMORE, MD | HOUSTON, TX | NEW ORLEANS, LA | RALEIGH-DURHAM, NC |
| BIRMINGHAM, AL | INDIANAPOLIS, IN | NEW YORK, NY | RICHMOND, VA |
| BOSTON, MA | JACKSONVILLE, FL | NORFOLK, VA | SACRAMENTO, CA |
| CHICAGO, IL | LAS VEGAS, NV | OMAHA, NE | SAN DIEGO, CA |
| CINCINNATI, OH | LONG ISLAND, NY | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CLEVELAND, OH | LOS ANGELES, CA | ORLANDO, FL | SEATTLE, WA |
| DALLAS, TX | MEMPHIS, TN | PHILADELPHIA, PA | STAMFORD, CT |
| DENVER, CO | MIAMI, FL | PHOENIX, AZ | WASHINGTON, DC REGION |
| | | PITTSBURGH, PA | WHITE PLAINS, NY |

MY DIRECT DIAL IS: 631-247-4661
MY E-MAIL ADDRESS IS: TrippN@jacksonlewis.com

May 17, 2011

**VIA ECF**
**PRIVILEGED & CONFIDENTIAL**

Hon. Arlene R. Lindsay
U. S. District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722-4438

Re:   Raul Moreno, et al v. Nassau Country Club, et al,
      Case No. 11-CV-0436

Dear Magistrate Judge Lindsay:

      We are counsel to Defendants in the above matter.  Enclosed please find the parties' proposed Initial Joint Pre-Trial Scheduling Order.  This Order incorporates the Court's original scheduling order (Dkt. Entry 9), and also addresses any potential class or collective action motion practice, as contemplated by Plaintiff's Amended Complaint (Dkt. Entry 3).  In light of this stipulated discovery schedule, the parties' respectfully request the Court adjourn the court conference scheduled for this Wednesday, May 18, 2011.

      Respectfully submitted,

      JACKSON LEWIS LLP

      Noel P. Tripp, Esq.

Enclosure
cc:  Steven J. Moser, Esq. (via ECF)



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------X

RAUL MORENO, Individually, and on
behalf of all others Similarly Situated,

                      Plaintiffs,

       -against-

NASSAU COUNTRY CLUB and JIM
COFFEY,

                      Defendants.

-------------------------------------------------X

Civ. No.: CV 11-0436

Seybert, J.

Lindsay, M.J.

**PARTIES' JOINT PRE-TRIAL
SCHEDULING ORDER**

Plaintiff and Defendants, by and through their undersigned counsel, as and for their initial joint pre-trial order, state as follows:

1.   <u>Counsel</u>: Trial counsel for Plaintiff is Steven J. Moser, Esq., Steven J. Moser, P.C., One School Street, Suite 303, Glen Cove, New York 11542, (516) 671-1150, fax (516) 882-5420.  Trial counsel for Defendants is Paul J. Siegel, Esq., Jackson Lewis LLP, 58 South Service Road, Suite 410, Melville, New York 11747, (631) 247-0404, Fax (631) 247-0417.

2.   <u>Brief Statement of Subject Matter</u>.

**Plaintiff's Position**

Plaintiff asserts claims for unpaid overtime under federal and New York State law, as well as for the *spread of hours premium* under NYCRR 142-2.4.  This Court has subject matter pursuant to Section 16(b) of the Fair Labor Standards Act and, in addition, has pendent jurisdiction over Plaintiff's state law claims.  Plaintiff contends that applicable statute of limitations on the federal claims is three years pursuant to 29 U.S.C. 255(a) as the violations

were willful.   The statute of limitations applicable to the state claims is 6 years under New York Labor Law §198(3).

**Defendants' Position.**

Plaintiff contends that this Court has subject matter pursuant to Section 16(b) of the Fair Labor Standards Act and, in addition, has pendent jurisdiction over Plaintiff's claims under the New York Labor Law for allegedly unpaid overtime pay and, pursuant to NYCR 142.2.4, "spread of hours" pay for work days in excess of ten (10) hours.   Defendants concede that subject matter jurisdiction can exist under the Fair Labor Standards Act, as to Mr. Moreno, to the extent he has met all requirements of 29 U.S.C. § 216.   Defendants contend that the Court should decline to exert pendent jurisdiction over Plaintiff's purported "spread of hours" claims because it does not share a nucleus of facts common to Plaintiff's purported federal claim.   Moreover, since Plaintiff Moreno purports to bring this action as a class action and because no Plaintiff, other than Plaintiff Moreno, has been identified, it is unknown whether subject matter jurisdiction exists with respect to any such individual under federal or state law.   Hence, Defendant reserves the right to contest subject matter jurisdiction with respect to any such individual.   Finally, the Court should decline to accept subject matter jurisdiction with respect to claims outside the applicable limitation period under the Fair Labor Standards Act, which Defendants contend is two years pursuant to 29 U.S.C. §255(a).

3.   Brief Statement of Claims and Defenses.

**Plaintiff's Position**

Plaintiff  Raul Moreno asserts claims under the Fair Labor Standards Act and the New York Labor Law for unpaid overtime compensation, as well as liquidated damages and attorneys' fees.

More specifically, it is alleged that the plaintiff, who worked up to 80 hours per week, was paid a fixed rate for all hours worked.  In order to do so the defendant devised an artifice as follows:   As the plaintiff's employer it paid the "regular rate" for all hours up to 40 hours per week.  For hours worked in excess of 40 hours per week, the defendants designated a lower rate of pay which, when multiplied by 1½, equaled the "regular rate."   The defendants also failed to include the fair value of the room and board in determining the "regular rate" as required by 29 C.F.R. §778.116.   The plaintiff also asserts spread of hours premium violations under 12 NYCRR 142-2.4.

Defendants concede that Plaintiff is similarly situated to one other employee for the purposes of the collective action.   Therefore, this collective action should be conditionally certified and plaintiff should be allowed to send a notice to the similarly situated employee. Plaintiff does not seek class certification of the state law claims pursuant to FRCP 23.

**Defendants' Position**

Defendants deny all claims and will assert the following defenses:

a)  Defendant Coffey is not an "employer" or individual subject to liability under the New York Labor Law or the Fair Labor Standards Act;

b)  "Spread of hours" claims must fail because Plaintiff's gross pay exceeded the minimum wage for all hours of work, inclusive of an additional hour at the minimum wage, for work days in excess of ten (10) hours;

c)  Plaintiff received overtime compensation because all hours of work at his "second" job at the Club were paid at the premium rate of time and one-half, the rate that was to be applied to the "second" job, to wit, minimum wage;

3

d)  The federal limitation period should be two (2) years since any alleged violation of the Fair Labor Standards Act is not willful.

e)  Only Plaintiff Moreno and one other employee were known to have worked at two different jobs at two different rates of pay.  Thus, there is insufficient numerosity for a class action to be certified.  Moreover, the other criteria for class certification, pursuant to FRCP 23, will not be satisfied by Plaintiff;

f)  Claims barred by the statute of limitation cannot be asserted in this action in accordance with 29 U.S.C. §216(b);

g)  Since Plaintiff is not similarly situated to any individual (other than one other employee who worked in two different jobs at two discrete rates of pay), a collective action should not be certified pursuant to, *inter alia*, 29 U.S.C. § 216; and,

h)  Liquidated damages should not be awarded under the FLSA because any violation on the part of Defendants was committed in good faith pursuant to 28 U.S.C. § 260.

4.  <u>Trial</u>.  The parties stipulate to a bench trial before presiding District Judge Seybert, sitting without a jury.  It is estimated that between two (2) and five (5) days will be needed for trial of Plaintiff Moreno's claim.

5.  <u>Stipulations or Agreements of Fact or Law</u>.  None has been entered into to date.

6.  <u>Proposed Discovery Schedule</u>

a)  Initial disclosures to be served by Plaintiff and by Defendants by May 31, 2011;

4

b) Initial written discovery to be served by Plaintiff no later than June 10, 2011, and answered by Defendants within thirty (30) days thereof (unless such time is extended upon stipulation of the parties or order of Court);

c) Written discovery to be served by Defendants on Plaintiff Moreno by May 31, 2011 (and answered by Plaintiff within 30 days thereof unless extended by stipulation of the parties or order of Court);

d) Deposition of Plaintiff to be conducted by July 15, 2011;

e) Deposition of Defendant Coffey to be conducted by July 22, 2011;

f) Deposition of the Club, by and through Angie Genova to be conducted by July 29, 2011;

g) Parties to advise adversary counsel of other depositions by July 30, 2011 and to conduct such depositions by September 15, 2011;

h) Supplemental written discovery to be served by September 1, 2011 and to be responded to within thirty (30) days (unless extended by agreement of counsel or order of Court);

i) Motion for collective action conditional certification, if necessary, to be made by August 1, 2011;

j) Motion for class certification pursuant to Fed. R. Civ. P. 23 to be made by September 16, 2011;

k) All discovery, inclusive of expert discovery, to be concluded by November 18, 2011;

l) Any part planning on making a dispositive motion must take the first step in the motion process on or before December 2, 2011;

5

m) A final discovery conference shall be held at 11:00 AM on December 20, 2011 before Magistrate Judge Lindsay.   The parties shall electronically file a joint proposed pretrial order in compliance with Judge Seybert's individual rules, prior to that conference.   The parties shall confer regarding settlement prior to the conference, and persons with full settlement authority shall be available – either in person or by telephone – at the conference.

Dated: Melville, New York
      May 17, 2011

Respectfully submitted,

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 410
Melville, New York  11747
(631) 247-0404

By: _____
PAUL J. SIEGEL, ESQ.
NOEL P. TRIPP, ESQ.


STEVEN J. MOSER, ESQ.
STEVEN J. MOSER, P.C.
*ATTORNEY FOR PLAINTIFFS*
One School Street, Ste. 303
Glen Cove, New York  11542
(516) 671-1150


By: *Steven Moser / By N. Tripp with permission*
STEVEN J. MOSER, ESQ.

6

SO ORDERED:_____

Honorable Magistrate Judge Arlene Lindsay

4820-2126-1833, v. 1

7