

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
58 South Service Road
Suite 410
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

ALBANY, NY
ALBUQUERQUE, NM
ATLANTA, GA
BALTIMORE, MD
BIRMINGHAM, AL
BOSTON, MA
CHICAGO, IL
CINCINNATI, OH
CLEVELAND, OH
DALLAS, TX

DENVER, CO
DETROIT, MI
GREENVILLE, SC
HARTFORD, CT
HOUSTON, TX
JACKSONVILLE, FL
LAS VEGAS, NV
LONG ISLAND, NY
LOS ANGELES, CA
MEMPHIS, TN
MIAMI, FL

MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW ORLEANS, LA
NEW YORK, NY
OMAHA, NE
ORANGE COUNTY, CA
ORLANDO, FL
PHILADELPHIA, PA
PHOENIX, AZ
PITTSBURGH, PA
PORTLAND, OR

PORTSMOUTH, NH
PROVIDENCE, RI
RALEIGH-DURHAM, NC
RICHMOND, VA
SACRAMENTO, CA
SAN DIEGO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC REGION
WHITE PLAINS, NY

MY DIRECT DIAL IS: 631-247-4661
MY E-MAIL ADDRESS IS: TRIPPN@JACKSONLEWIS.COM

November 9, 2011

**VIA ECF**

Hon. Arlene R. Lindsay
United States Magistrate Judge
U. S. District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722-4438

          Re:    <u>Raul Moreno, et al v. Nassau Country Club, et al,
                   Case No. 11-CV-0436</u>

Dear Magistrate Judge Lindsay:

      We are counsel for Defendants in the above referenced matter and write in response to Plaintiff's counsel's letter dated October 29, 2011 (Docket Entry 14) ahead of the anticipated teleconference with Your Honor on November 10, 2011. Minute Entry dated October 31, 2011.

      Plaintiff's counsel's submission, made pursuant to the Court's Order dated September 28, 2011 (Docket Entry 13), does not address the fundamental question of <u>if</u> Plaintiff will be granted the proposed so-called "humanitarian parole visa" to return to the United States, nor does it establish a firm timetable for doing so. In fact, Plaintiff's counsel provides no formal documentation relating to Moreno's specific application, only information about the process generally and uncorroborated representations regarding the status of Plaintiff's application. To wit, Plaintiff's letter states generally that the "processing time to obtain the travel document is 60-90s," but in the same sentence notes that the application has not yet been submitted. Counsel should provide the Court with a more detailed, factual submission concerning the status of Moreno's application. As set forth in previous correspondence, Defendants should not be forced to indefinitely defend an action against an unavailable Plaintiff. Docket Entry 11.

      Relatedly, Plaintiff's counsel seeks an extension of the deadline to file a purported "motion for conditional certification." Plaintiff's letter at 2. As previously discussed by the parties, and as set forth in the parties' submission to the Court dated May 17, 2011 (Docket Entry 10), the purported collective action consists of only Plaintiff and one other individual. <u>Id.</u> at 5-6. Defendants already have agreed that an appropriately-worded, agreed-upon notice of conditional certification and invitation to join the collective action can be sent to that individual. Defendants



Hon. Arlene R. Lindsay
U. S. District Court
Eastern District of New York
November 9, 2011
Page 2

do not agree that certification of any broader collective action group is appropriate, or that such a motion should be entertained at this time.

                                                  Respectfully submitted,

                                                  JACKSON LEWIS LLP

                                                  s/

                                                Noel P. Tripp

NPT/dc

cc:    Steven J. Moser, Esq. (via ECF)
        Paul J. Siegel (internal)

4818-2189-7741, v. 1